UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NORTH POINTE INSURANCE
COMPANY,

    Plaintiff,

v.                                                                           Case No: 6:12-cv-476-Orl-31TBS

GLOBAL ROOFING & SHEET METAL,
INC., PARAMOUNT INSURANCE REPAIR
SERVICE, INC. and SHAKERWOOD
ASSOCIATION, INC.,

    Defendants.

_____

### AMENDED REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Revised Motion for Final Default Judgment as it Pertains to Defendant Global Roofing & Sheet Metal, Inc. (Doc. 43). Defendant Global has not responded and the time to do so has expired. Upon due consideration of the motion and prevailing case law, the undersigned respectfully recommends that Plaintiff's motion be **DENIED WITHOUT PREJUDICE**.

### I. Background

On March 28, 2012, Plaintiff North Pointe Insurance Company ("North Pointe") filed an action for declaratory judgment[2] in federal court against Global Roofing & Sheet Metal,

---

[1] On August 30, 2012, the Court vacated the report and recommendation at Docket Entry 44. See (Doc. 45). Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] This action for declaratory judgment is properly before this Court. Federal law provides that district courts may entertain actions for declaratory judgment in "case[s] of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Under such circumstances, district courts have the authority to grant declaratory relief and "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Id. As set forth in the Complaint, the actual controversy in this case is whether North Pointe has an obligation to defend and indemnify Global and Paramount. There is complete diversity between the parties and the jurisdictional threshold has been met; thus, North Pointe has properly

Inc. ("Global"), Paramount Insurance Repair Service, Inc. ("Paramount") and Shakerwood Association, Inc., ("Shakerwood"). (Doc. 1). This case arises out of an underlying state court action, Shakerwood Association Inc., v. Paramount Ins. Repair Serv., Inc. v. Global Roofing & Sheet Metal, Inc., 50 2008 CA 026297 XXXX MB (Fla. Cir. Ct. 2008) ("Underlying Action"), in which Shakerwood sued Paramount, a general contractor, for breach of contract due to defects found in the work performed to the roof of the Shakerwood properties. (Doc. 1-1). Paramount then filed a third-party complaint against Global, the subcontractor, for breach of contract, common law indemnity, and contractual indemnity. (Doc. 1-2).

Paramount contends it is wholly without fault and that its liability is vicariously derived from the actions of Global. (Id. at 4). Global and Paramount presented Shakerwood's claim to North Pointe, the insurer, under commercial general liability insurance policy number 2094109535 (the "Policy"). North Pointe filed this action in federal court and has asked the Court to declare that (1) it has no duty to indemnify or defend Paramount; (2) it has no duty to indemnify or defend Global; and (3) Global's failure to provide timely written notice of the underlying suit constitutes a breach of the Policy. (Doc. 1). Defendants Paramount and Shakerwood have both appeared in this case. (Docs. 27 and 32). Defendant Global failed to appear and on May 22, 2012, the Clerk of Court entered default against the defendant. (Doc. 25). Plaintiff now seeks the entry of final default judgment against Defendant Global. (Doc. 43).

## II. Discussion

The entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a judgment, pursuant to FED. R. CIV. P. 55(b), there must be sufficient basis in the

---

invoked this Court's diversity jurisdiction.

pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] When there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants. Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.").

The Court has considered the well-pled allegations and the record evidence in this case and finds that although North Pointe's averments offer a sufficient basis for the entry of a declaratory judgment against Defendant Global, the entry of judgment now would be improper given the circumstances of this case and the pendency of the action against the multiple co-defendants.

### A. There is a Basis for the Entry of Default Judgment Against Defendant Global

The record evidence establishes a sufficient basis for the entry of default judgment against Defendant Global. As an initial matter, I find that the Clerk's default was proper. The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner . . . ." Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)). Under

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

the federal rules, service is proper if it is made on a corporation's registered agent. FED. R. CIV. P. 4(h)(1), (e)(1).[4]

Here, service of process was effected on Defendant Global's registered agent, Elizabeth Jones,[5] on April 9, 2012. (Doc. 8). Pursuant to Federal Rule of Procedure 12(a)(1), Defendant Global was required to respond to the Complaint within twenty-one (21) days after service, or by April 30, 2012. Defendant Global failed to respond to the Complaint and has otherwise failed to appear in this action. Thus, the Clerk's default (Doc. 25) was properly entered.

In Count II, North Pointe avers that the Underlying Action fails to allege an "occurrence," which is defined in the Policy as "an accident[.]"[6] Instead,

> The allegations made in the Underlying Actions are those of allegedly improper work by GLOBAL and/or PARAMOUNT, failure to perform the material terms of the agreement, and failure to install an adequate/non-defective roof, which caused damage to other aspects of the structure and to the interior of the building.

(Doc. 1 ¶ 42). North Pointe maintains that the Policy excludes faulty or improper workmanship from its definition of "property damage."[7] (Id. ¶ 43). North Pointe also

---

[4] The federal rules provide that service can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" FED. R. CIV. P. 4(h)(1), (e)(1). Defendant Global is a Florida corporation. (Doc. 1 ¶ 6). In the state of Florida, "[a] corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. As an alternative, process may be served on the agent designated by the corporation as its registered agent." Mid-Continent Cas. Co. v. Harbor Springs Constr., Case No. 2:10-cv-330-Ftm-29SPC, 2010 U.S. Dist. LEXIS 92412, at *2 (M.D. Fla. Aug. 26, 2010) (citing FLA. STAT. § 48.081(1)(a-d), (3)(a)).

[5] The Court notes that although the mailing address differs from the address on the return of service, Ms. Jones is listed as the company's registered agent in the Florida Department of State Division of Corporations database, which can be found at:
http://ccfcorp.dos.state.fl.us/scripts/cordet.exe?action=DETFIL&inq_doc_number=P95000041668&inq_came_from=NAMFWD&cor_web_names_seq_number=0000&names_name_ind=&names_cor_number=&names_name_seq=&names_name_ind=&names_comp_name=GLOBALROOFINGSHEETMETAL&names_filing_type=

[6] According to the Policy, "[o]ccurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Doc. 1 ¶ 39; Doc. 1-5 at 22).

[7] In the Policy, "property damage" is defined as:

- 4 -

alleges that Policy exclusions k (exclusion for "Damage To Your Product") and l (exclusion for "Damage To Your Work") expressly preclude coverage for the type of damage– defective work performed by Global on a Global product–claimed in the Underlying Action. (Id. ¶¶ 46-51; Doc. 1-5 at 13). For these reasons, North Pointe believes it has no duty to indemnify and/or defend Global. (Doc. 1 ¶¶ 35- 53).

"Under Florida law, insurance contracts are construed according to their plain meaning." Creative. Hospitality Ventures, Inc. v. United States Liab. Ins. Co., 444 F. App'x 370, 374 (11th Cir. 2011) (quoting Garcia v. Fed. Ins. Co., 969 So. 2d 288, 291 (Fla. 2007)). Based on its plain meaning, the Policy does not cover the type of damage claimed in the Underlying Action. Accordingly, North Pointe has no duty to indemnify or defend Global against Shakerwood's improper work related claims.

North Pointe has also established a sufficient basis in the pleadings to support a declaratory judgment based upon Global's late notice (Count III). The Policy required Global to notify North Pointe of an "occurrence" or potential law suit "as soon as practicable." (Doc. 1 ¶ 55; Doc. 1-5 at 18). Whether notice is "practicable" depends on what is reasonable given the facts and circumstances of the case. Vision I Homeowners Ass'n v. Aspen Specialty Ins. Co., 674 F. Supp. 2d 1333, 1338 (S.D. Fla. 2009); Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co., Case No. 6:07-cv-326-Orl-DAB, 2009 U.S. Dist. LEXIS 44585, at *18 (M.D. Fla. May 27, 2009). In Florida, if an insured "breaches the notice provision [of an insurance policy], prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice."

---

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it.

(Doc.1 ¶ 39; Doc. 1-5 at 22-23).

- 5 -

Bankers Ins. Co. v. Macias, 475 So. 2d 1216, 1218 (Fla. 1985); see also Vision, 674 F. Supp. 2d at 1338 ("Indeed, Florida law provides that the failure to give timely notice creates a rebuttable presumption of prejudice to the insurer.").

North Pointe argues that Global materially breached the terms of the Policy by "failing to timely notify [the insurer] of the claim/suit alleged in the Underlying Action." (Doc. 1 ¶¶ 54-59). North Pointe contends that it was not notified of the claims raised in the Underlying Action until September 12, 2011, despite the fact that Paramount served Global with a Third-Party Complaint in November 2010. (Id. ¶¶ 56-57).

By virtue of the default, Global has admitted North Pointe's well-pled allegations. Nishimatsu, 515 F.2d at 1206. North Pointe has adequately demonstrated Global's failure to comply with the Policy's notice provision. As set forth in Bankers and Vision, in the event of such breach, prejudice is presumed unless rebutted by the insured. Global has not rebutted the presumption, responded to the motion for default judgment, or otherwise appeared in this case.

Upon due consideration, I find that the allegations support a finding that the Policy does not require North Point to indemnify or defend Global. Fla. Mun. Liab. Self. Ins. Prog. V. Mead Reinsur. Corp., 796 F. Supp. 509, 513 (S.D. Fla. June 3, 1992) ("The failure of an insured to give timely notice of loss in contravention of a policy provision is a legal basis for the denial of coverage under the policy.").

### B. Entry of Default Judgment Against Defendant Global Should Be Delayed

The entry of default judgment in this case would be improper. The default judgment provisions of Rule 55(b)(2) must be balanced against the requirements of Rule 54(b), which provides that:

> When an action presents more than one claim for relief –
> whether as a claim, counterclaim, crossclaim, or third-party
> claim–or when multiple parties are involved, the court may
> direct entry of a final judgment as to one or more, but fewer

> than all claims or parties only if the court expressly determines
> that there is no just reason for delay.

Courts have interpreted this to mean that "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." Northland, 204 F.R.D. at 330; see also Essex Ins. Co. v. Anchor Marine Envt'l Serv., No. 6:10-cv-340-Orl-28DAB, 2010 WL 5174025 (M.D. Fla. Nov. 18, 2010), adopted, 2010 WL 5174019 (M.D. Fla. Dec. 15, 2010); Temp. Serv. Ins. LTD. v. O'Donnell, No. 6:07-cv-1507-Orl-28GJK, 2008 WL 2730997, at *1 (M.D. Fla. July 11, 2008). This is particularly true when, as here, the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute. See Owners Ins. Co. v. Daniel, Civil Action, 7:12-cv-27 (HL), 2012 U.S. Dist. LEXIS 61307, at *3 (M.D. Ga. May 2, 2012); Essex Ins. Co. v. Moore, Case No. 6:11-cv-515-Orl-19KRS, 2011 U.S. Dist. LEXIS 82792, at *2-3 (M.D. Fla. July 28, 2011).

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's Revised Motion for Final Default Judgment as it Pertains to Defendant Global Roofing & Sheet Metal, Inc (Doc. 43) be **DENIED WITHOUT PREJUDICE**, to be reasserted, to the extent appropriate, when this case becomes ripe for final resolution.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 4, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

   Presiding United States District Judge
   Counsel of Record