**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NORTH POINTE INSURANCE COMPANY,**

        **Plaintiff,**

-vs-                                           Case No. 6:12-cv-476-Orl-31TBS

**GLOBAL ROOFING & SHEET METAL, INC.; PARAMOUNT INSURANCE REPAIR SERVICE, INC.; and SHAKERWOOD ASSOCIATION, INC.,**

        **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Revised Motion for Default Judgment against Global Roofing & Sheetmetal, Inc. ("Global") (Doc. 43), Magistrate Judge Smith's Report and Recommendation (Doc. 48), Plaintiff's Objection to the Report and Recommendation (Doc. 51), and Paramount Insurance Repair Service, Inc.'s Response (Doc. 53).

On September 9, 2012, Magistrate Judge Smith issued a report finding that Plaintiff had demonstrated its entitlement to a default judgment as to Global, but recommending that entry of judgment be delayed until the conclusion of the proceedings. Plaintiff objects, asserting that there is no just reason to delay the entry of judgment against Global.

As the Magistrate Judge pointed out, when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants. *Northland Ins. Co. v. Cailu Title*

*Corp.*, 204 F.R.D. 327, 330 (W.D.Mich. 2000). This practice grew out of the case of *Frow v. DeLaVega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1873), in which the Supreme Court held that the risk of inconsistency precluded the entry of default judgment against one alleged conspirator whose alleged co-conspirators were proceeding to trial. Within this Circuit, the preferred practice has been extended beyond situations in which the defaulting defendant may be jointly liable with non-defaulting defendants to situations in which the defaulting defendant is merely similarly situated to those who continue to contest the allegations on the merits. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (in contract case, vacating default judgment in favor of plaintiff that had been found, in separate case against different defendant who proceeded to trial, to have breached same contract). The practice is commonly applied in situations where an insurer seeks a declaration that it has no duty to defend or indemnify the defaulting defendant and the other defendants who contest the insurer's allegations. *See Essex Ins. Co. v. Moore*, 2011 WL 3235685 (M.D.Fla. 2011) and cases cited therein.

Global's co-defendants in this action, Paramount Insurance Repair Service, Inc. ("Paramount") and Shakerwood Association, Inc. ("Shakerwood"), have appeared and filed answers and affirmative defenses by which they contest the allegations of the Plaintiff, North Pointe Insurance Company ("North Pointe"). For example, in its answer Shakerwood disputes North Pointe's contentions that the allegations in the underlying suit do not constitute an "occurrence" as that term is used in the policy issued to Global (Doc. 32 at 5) and denies North Pointe's allegations that Global breached the policy by failing to provide proper notice of Shakerwood's claim (Doc. 32 at 7). As Global's co-defendants continue to dispute the primary

bases relied upon by North Pointe for entry of a declaratory judgment, entry of a default judgment against Global raises the risk of inconsistent verdicts.  Accordingly, it is hereby

**ORDERED** that:

1.  The Report and Recommendation of the Magistrate Judge is ADOPTED AND CONFIRMED and made a part of this order;

2.   The Revised Motion for Default Judgment against Global Roofing & Sheetmetal, Inc. (Doc. 43) is DENIED WITHOUT PREJUDICE, to be reasserted if appropriate at the conclusion of these proceedings.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 31, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party