**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT **O**F **F**LORIDA
**O**RLANDO **D**IVISION

**NORTH POINTE INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                         **Case No:  6:12-cv-476-Orl-31TBS**

**GLOBAL ROOFING & SHEET METAL, INC.,
PARAMOUNT INSURANCE REPAIR
SERVICE, INC. and SHAKERWOOD
ASSOCIATION, INC.,**

    **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 56) filed by the Plaintiff, North Pointe Insurance Company ("North Pointe"), the responses in opposition (Doc. 60, 61) filed by Defendants Shakerwood Association, Inc. ("Shakerwood") and Paramount Insurance Repair Service, Inc. ("Paramount"), respectively, and the replies (Doc. 64, 65) filed by North Pointe.

Shakerwood, a homeowners association, contracted with Paramount to perform repairs on some Shakerwood buildings.  Paramount hired Global as a subcontractor to do roof repairs.  North Pointe issued a commercial general liability policy to Global.  Shakerwood has sued Paramount in state court for breach of contract, contending that the roof repair work was defective.  Paramount filed a third party complaint against Global for breach of contract and indemnification.  In the instant case, North Pointe seeks a declaration that it has no obligation to defend or indemnify Global or Paramount.

By way of the instant motion, North Pointe seeks final summary judgment regarding those obligations.  North Point argues (a) that the damages alleged by Shakerwood are excluded by the "Damage to Your Product" and "Damage to Your Work" provisions of the policy it issued to Global; (b) that Paramount was never an additional insured under the policy; (c) that the agreement between Global and Paramount is not covered by the policy; (d) the alleged property damage is not covered because it was not discovered before the policy's coverage period ran out in May 2007.

Shakerwood and Paramount argue, *inter alia*, that the instant motion is premature, in that discovery is in its infancy, as no depositions have been taken in this case and only a handful have been taken in the underlying state case.  (Doc. 61 at 2).  The discovery deadline in this case is November 4, 2013.  (Doc. 40 at 1).  In addition, Shakerwood and Paramount note that they have raised a number of affirmative defenses, such as estoppel and waiver, which North Pointe did not address in its motion.

North Pointe argues that discovery is not required, as the issues asserted in its motion involve only questions of law, not fact.  (Doc. 64 at 2).  However, several of those issues involve disputed issues of fact.  For instance, the date of the alleged property damage – and, more particularly, whether that date fell within the policy's coverage period – is in dispute.  North Pointe responds that, "[i]n the nearly five (5) years the subject claim has been in dispute, Paramount has provided no factual or legal support" for its claim that the damage is covered. (Doc. 64 at 4).  Be that as it may, the issue is still one of fact, and in dispute.  As North Pointe notes, in this district coverage for property damage under this sort of policy is triggered when that damage "manifests" itself, which occurs when that damage becomes open and obvious or when it could have been discovered by a prudent engineering investigation.  *Mid-Continent Cas. Co. v.*

*Frank Casserino Const., Inc.,* 721 F.Supp.2d 1209, 1217 (M.D.Fla. 2010). Even if North Pointe is correct that no one discovered the damage during the coverage period of its policy, that would not end the inquiry. If the damage was discoverable during the coverage period, that is enough to trigger coverage.[1] Shakerwood and Paramount also make fact-based arguments regarding Paramount's status as an additional insured and the alleged lack of notice to North Pointe.[2] Shakerwood and Paramount have pointed to some evidence that supports their arguments, and they are entitled to discovery to obtain additional supporting evidence. Because the discovery period remains open, summary judgment will be denied.

The Court also notes that, in its reply to Shakerwood's response, North Pointe disputes each of Shakerwood's affirmative defenses.[3] However, the time for North Pointe to do that has passed. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). *See also Stillman v. Travelers Ins. Co.*, 88 F.3d 911 (11th Cir. 1996) (vacating entry of final summary judgment where movant had not sought adjudication of other party's affirmative

---

[1] In its response to the instant motion, Shakerwood presents an affidavit from an employee of its property management company to the effect that the damage at issue "occurred and was discovered before May 2007." (Doc. 60-1 at 2).

[2] No party has pointed to anything from which the Court could determine whether the property damage at issue in the state court suit falls within the policy's exceptions for "Damage to Your Product" or "Damage to Your Work".

[3] North Pointe does not address the affirmative defenses raised by Paramount, at least one of which – laches – was not raised by Shakerwood. (Doc. 27 at 5).

defenses). Because the affirmative defenses raised by Shakerwood and Paramount have not been resolved, summary judgment in favor of the Plaintiff would be improper.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties